**Barry Northcross PATTERSON,
Plaintiff–Appellant,**

v.

**B. ULIBARI; et al., Defendants–
Appellees.**

No. 15–15131.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2016.*

Filed April 20, 2016.

Barry Northcross Patterson, Florence,
AZ, pro se.

Michael E. Gottfried, Arizona Attorney
General's Office, Phoenix, AZ, for Defen-
dants–Appellees.

Before: FARRIS, TALLMAN, and
BYBEE, Circuit Judges.

MEMORANDUM **

Barry Northcross Patterson appeals pro
se from the district court's summary judg-
ment and dismissal order in his 42 U.S.C.
§ 1983 action alleging violations of his
First Amendment rights. We have juris-
diction under 28 U.S.C. § 1291. We re-
view de novo. *Doe v. Abbott Labs.,* 571
F.3d 930, 933 (9th Cir.2009) (summary
judgment); *Resnick v. Hayes,* 213 F.3d
443, 447 (9th Cir.2000) (dismissal under 28
U.S.C. § 1915A). We affirm.

The district court dismissed Patterson's
First Amendment access-to-courts and
mail-related claims for failure to state a
claim. The court then granted defendants'
motion for summary judgment on Patter-
son's remaining First Amendment free ex-
ercise claim because Patterson failed to
exhaust his administrative remedies. In
his opening brief, Patterson fails to ad-
dress how the district court erred in either
order. As a result, Patterson has waived
his appeal of the dismissal and summary
judgment orders. *See Smith v. Marsh,*
194 F.3d 1045, 1052 (9th Cir.1999) ("[O]n
appeal, arguments not raised by a party in
its opening brief are deemed waived.");
*see also Greenwood v. FAA,* 28 F.3d 971,
977 (9th Cir.1994) ("We will not manufac-
ture arguments for an appellant, and a
bare assertion does not preserve a
claim . . . .").

We reject as unsupported by the record
Patterson's contention that the district
court was biased.

**AFFIRMED.**

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
  cation and is not precedent except as provid-
  ed by 9th Cir. R. 36–3.